**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| In re ) | | Case No. 10-18254 |
|     Christopher L. Carroll ) | | |
|     Christine M. Carroll ) | | Chapter 7 |
| ) | | |
| ) | | |
|                 Debtors. ) | | **Judge Aug** |
| ) | | |

**MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS CHAPTER 7 CASE WITH ONE YEAR BAR TO
<u>REFILING AND MEMORANDUM  IN SUPPORT</u>**

      The United States Trustee hereby moves this Honorable Court for an order dismissing the above-entitled case based upon the provisions of 11 U.S.C. § 349(a), § 707(a), § 707(b), and Federal Rules of Bankruptcy Procedure 1017(e), because the Debtors filed this bankruptcy petition even though the Debtors were granted a discharge in a case commenced within eight years before the date of the filing of the petition, and because the Debtors failed to list the prior bankruptcy case on the current petition.  Pursuant to Fed. R. Bankr. P. 4004(c), the discharge of the Debtors is stayed pending the conclusion of this Motion.

Dated: <u>December 29, 2010</u>         Respectfully Submitted:

                                              Daniel M. McDermott
                                              United States Trustee
                                              Region 9

                                By:    <u>/s/ Douglas N. Hawkins</u>
                                              Douglas N. Hawkins (#0038585)
                                             Attorney for the U.S. Trustee
                                             36 East Seventh Street, Suite 2030
                                             Cincinnati, Ohio 45202
                                             (513) 684-6988 ext. 225
                                             Fax:  684-6994
                                             E-mail: doug.hawkins@usdoj.gov

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

The United States Trustee's request for dismissal of this Chapter 7 case is made pursuant to the supervisory duties of the United States Trustee as set forth in 28 U.S.C. § 586(a)(3), and the Court's authority to dismiss a Chapter 7 case for "cause" under 11 U.S.C. § 707(a) and for "substantial abuse" under 11 U.S.C. § 707(b). Moreover, 11 U.S.C. § 349(a) gives the court discretion, when there is cause, to dismiss a case with prejudice thereby preventing the debtor from obtaining a discharge with respect to the debts existing at the time of the dismissed case. The U.S. Trustee believes that this case was filed in abuse of the Bankruptcy Code because the Debtors received a discharge within the past eight years, and because the Debtors failed to list prior bankruptcy cases on the current petition. Therefore, the U.S. Trustee requests that this case be dismissed.

II. SUMMARY OF FACTS

The Debtors filed this Chapter 7 petition on December 6, 2010. However, the Debtors filed a prior Chapter 7 bankruptcy in the Southern District of Ohio, case number 03-15474 on July 15, 2003. In the 2003 case, the Debtors received a discharge on November 25, 2003. Neither page two of the current petition, nor the Statement of Related or Companion Cases required by Local Rule 1015-2, discloses the prior bankruptcy case.

III. CAUSE EXISTS TO DISMISS THIS CASE

Section 707(a) permits bankruptcy courts to dismiss Chapter 7 cases for cause and provides a non-exhaustive list of examples of cause. Specifically, § 707(a) provides:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including –

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file ... the information required by paragraph (1) of § 521... § 707(a).

The word "including" in § 707(a) is not meant to be limiting and the subsections of § 707(a) are intended to be illustrative and not exhaustive of the grounds for "cause" for dismissal. In re Zick, 931 F.2d 1124, 1126 (6th Cir. 1991); In re Capacity, 172 BR. 37, 39 (Bankr. E.D. Ark. 1994); In re AB.-MB Joint Venture, 153 BR. 338, 342 (Bankr. N.M. 1993). Because "cause" is not defined in § 707(a), the determination of cause rests within the sound discretion of the bankruptcy court. In re Cecil, 71 BR. 730, 734 (W.D. Va. 1987).

Section 707(b) provides further authority for the court to dismiss a case filed by an individual debtor whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the Bankruptcy Code. 11 U.S.C. § 707(b).

Furthermore, 11 U.S.C. § 349(a) gives the court discretion, when there is cause, to dismiss a case with prejudice thereby preventing the debtor from obtaining a discharge with respect to the debts existing at the time of the dismissed case. In re Tomlin, 105 F.3d 933 (4th Cir. 1997) (court may impose a permanent bar to discharge in circumstances other than those dealt with by §109(g)). See also In re Leavitt, 171 F.3d 1219 (9th Cir. 1999) (§ 349 permits a court to dismiss a case with prejudice for bad faith); In re Case, 198 F.3d 327 (2d Cir. 1999)(court may enjoin a debtor from filing a petition for periods of time exceeding 180 days). Generally speaking, when dismissal is predicated upon grounds that would justify barring the debtor from receiving a discharge in the dismissed case under 11 U.S.C. § 727, the court has the power to dismiss the case with prejudice. See Collier on Bankruptcy, ¶349.02 at page 349-8 (15th Ed. -Vol.2).

The facts of this case justify the denial of a discharge under 11 U.S.C. § 727, particularly §§ 727(a)(8) and 727(a)(4). The U.S. Trustee could file a complaint objecting to discharge

under § 727(a)(8),[1] because the Debtors received a discharge in a case commenced within eight years before the date of the filing of the petition. Accordingly, the Debtors are not entitled to a discharge in this case.

The U.S. Trustee could also file a complaint objecting to the Debtor's discharge under 11 U.S.C. § 727(a)(4), because this bankruptcy petition was filed without disclosing the Debtor's prior bankruptcy case on page two of the current petition.[2] By signing the petition under penalty of perjury without disclosing the prior bankruptcy case, the Debtors knowingly and fraudulently made a false oath. Therefore, the Debtors are not entitled to a discharge in this case under 11 U.S.C. § 727(a)(4).

## IV. CONCLUSION

The United States Trustee has established a prima facie case that the Debtors are not entitled to a discharge in this case. Therefore, this case should be dismissed for cause.[3]

WHEREFORE the U.S. Trustee respectfully requests that this Court dismiss this case for cause under 11 U.S.C. § 349(a), § 707(a), § 707(b), with a one year bar to refiling, and for any other and further relief as this Honorable Court deems appropriate.

---

[1] Pursuant to 11 U.S.C. § 727(a)(8), the Court shall not grant the debtor a discharge if "the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within eight years before the date of the filing of the petition."

[2] Pursuant to 11 U.S.C. § 727(a)(4), the Court shall not grant the debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case" "made a false oath or account."

[3] Notwithstanding the above, if the Debtor needs the protection of the Bankruptcy Court, the U.S. Trustee would have no objection to this case being converted to one under Chapter 13.

|                                   | Respectfully Submitted:                    |
|-----------------------------------|--------------------------------------------|
| Dated: <u>December 29, 2010</u>   | Daniel M. McDermott                        |
|                                   | United States Trustee                      |
|                                   | Region 9                                   |
|                                   |                                            |
|                                   | By:  <u>/s/ Douglas N. Hawkins</u>         |
|                                   |      Douglas N. Hawkins (#0038585)         |
|                                   |      Attorney for the U.S. Trustee         |
|                                   |      36 East Seventh Street, Suite 2030    |
|                                   |      Cincinnati, Ohio 45202                |
|                                   |      (513) 684-6988 ext. 225               |
|                                   |      FAX 684-6994                          |
|                                   |      E-mail: doug.hawkins@usdoj.gov        |

## **CERTIFICATE OF SERVICE**

I hereby certify that on <u>December 29, 2010</u>, a copy of the foregoing MOTION OF UNITED STATES TRUSTEE TO DISMISS CHAPTER 7 CASE AND MEMORANDUM IN SUPPORT was served on the following registered ECF participants, electronically through the Court's ECF System at the email address registered with the Court:

E. Hanlin Bavely, Esq.
Chapter 7 Trustee

Diana Khouri, Esq.
6300 Rockside Road, Suite 204
Cleveland, OH 44131

and on the following by ordinary U.S. Mail:

Christopher L. Carroll
Christine M. Carroll
363 McKinney Road
Felicity, OH 45120

<u>/s/ Douglas N. Hawkins</u>
Douglas N. Hawkins

5